**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA M. JOHNSON, | No. 21-35761 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05242-MJP |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Brenda M. Johnson appeals pro se from the district court's judgment dismissing her action for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8 and failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (district court's determination of whether a complaint complies with the notice pleading requirements of Rule 8).  We affirm.

The district court properly dismissed Johnson's action because Johnson failed to allege facts sufficient to state a plausible claim or to comply with the requirements of Rule 8.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (a claim has facial plausibility when the plaintiff pleads factual content allowing the reasonable inference that defendant is liable for the misconduct alleged; conclusory allegations are not entitled to a presumption of truth); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ("The Federal Rules require that averments be simple, concise, and direct." (internal quotation marks omitted)).

The district court did not abuse its discretion in denying Johnson's motion for recusal because Johnson failed to establish any basis for disqualification.  *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring disqualification).

Johnson's motion for in forma pauperis status (Docket Entry No. 5) is denied as unnecessary.  Johnson's miscellaneous motions (Docket Entry Nos. 9 and 10) are denied.

**AFFIRMED.**

21-35761